**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3336-17T3

ULISSA POKHAN and
RONALD POKHAN,

     Plaintiffs-Appellants,

v.

STATE FARM FIRE AND
CASUALTY COMPANY,

     Defendant-Respondent.

_____

         Submitted February 6, 2019 – Decided July 30, 2019

         Before Judges Fuentes and Accurso.

         On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0116-16.

         Frank J. Nostrame, attorney for appellants.

         Messineo Law, LLC, attorneys for respondent (Tariq J. Messineo, on the brief).

PER CURIAM

This appeal arises out of the involuntary dismissal of plaintiff Ulissa Pokhan's complaint for breach of her homeowners' insurance policy at the end of her case at trial pursuant to Rule 4:37-2. Pokhan's carrier, defendant State Farm Fire and Casualty Company, moved for dismissal arguing Pokhan's misstatements during its investigation of the fire at her home voided coverage for the loss in accord with Longobardi v. Chubb Ins. Co. of N.J., 121 N.J. 530, 533 (1990). According plaintiff's evidence the "generous view" Rule 4:37-2 requires, see Cameco, Inc. v. Gedicke, 157 N.J. 504, 509-10 (1999), we conclude the court erred in finding that evidence satisfied State Farm's burden to establish that Pokhan's misstatements were material, see Liberty Mut. Ins. Co. v. Land, 186 N.J. 163, 177-78 (2006).

Following a fire that severely damaged her home in Newark, Pokhan made a claim under her homeowners' policy. After completing its investigation, State Farm denied the claim based on Pokhan's "[v]iolation of the fraud provisions of the policy."[1] Pokhan filed a complaint in the Law Division for breach of the

---

[1] The policy's "Concealment or Fraud" provision states:

> This policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss.

 A-3336-17T3

contract of insurance. State Farm filed an answer and affirmative defenses asserting Pokhan's misrepresentations both during the policy period and during presentation of the claim barred her from any recovery.

The testimony at trial was brief and easily summarized. Plaintiff testified her father gifted her the property when she graduated from college in 2012. She secured homeowners' insurance through an agency in Bayonne. In 2012, Hurricane Sandy ripped shingles from the roof. Pokhan made a claim under her policy for which she received payment of $5000 or $6000. In early 2013, a frozen pipe burst on the second floor causing extensive water damage throughout the residence. According to Pokhan's trial testimony, she received $90,000 from insurance on that claim.

After the second claim, Pokhan started shopping around for new insurance because her premium was going up. She testified she found State Farm through an internet search and applied for coverage. Pokhan was approved for coverage after speaking with an agent by telephone, who took her credit card information for the premium. The policy went into effect in April 2013 and was renewed the following year.

In January 2015, a fire caused extensive damage to plaintiff's home, rendering it uninhabitable. State Farm sent an investigator to take a recorded

statement from her in February. Although recorded, the statement was not under oath and the investigator explained at the outset it was being taken "strictly to gain information about [Pokhan] and about [her] loss." When the investigator asked about prior losses at the property, Pokhan acknowledged a "frozen pipe" but denied she sustained any damage, and said she did not "believe any payments were made." Pokhan further told the investigator she had not had any other losses at the property, omitting the roof damage from Sandy. In an examination under oath in April, however, Pokhan corrected her misstatements, detailing the flood loss and the prior insurer's payments.[2]

Asked on cross-examination why she initially told the investigator she had not made a claim for the flood loss, Pokhan replied "[b]ecause I didn't feel like she needed to know that." Pokhan continued, "she's not telling me what's going on. So I'm new to this. I mean, being recorded by an agent that's not telling me anything." Pokhan's response prompted State Farm's counsel to ask: "So you gave her the wrong information?" prompting Pokhan to reply: "If that's what you want to call it."

---

[2] It's unclear from the transcript whether Pokhan was asked about the Sandy claim in her examination under oath. No transcript of either recorded statement was admitted in evidence and only fragments were read into the record.

Pokhan's adjuster testified it would cost a little under $160,000 to restore the property to its condition before the fire. Pokhan's counsel also read in portions of the deposition testimony of State Farm's investigator. She testified she had been with State Farm for over thirty-five years and was assigned to the special investigator unit in February 2015 when she interviewed Pokhan. She claimed cases were assigned to the unit on a case-by-case basis based on National Insurance Crime Bureau indicators, and that the indicator mentioned in the "large loss report" in this case was that the policy address and Pokhan's mailing address were not the same.

Pokhan denied receipt of correspondence from State Farm reserving its rights under the policy based on "questions about concealment and misrepresentation." She claimed State Farm's denial letter sent in October 2015 was the first letter she received from the company and the only indication it was investigating her for fraud.[3]

After plaintiff rested, State Farm moved for involuntary dismissal pursuant to Rule 4:37-2(b), arguing Pokhan admitted there was a $90,000 flood

---

[3] Although not included in the record on appeal, Pokhan identified four letters from State Farm addressed to her but with a different house number than the one assigned to her home, all of which she claimed she never received. Only two of those letters appear to have been admitted into evidence.

A-3336-17T3

loss "prior to taking out insurance with State Farm," and acknowledged she had not been truthful to State Farm's investigator when asked about it directly.

Pokhan's counsel countered that Pokhan was not advised by the investigator that she was conducting a fraud investigation, and indeed, was misled by the investigator telling her the inquiry was limited to the fire loss. He further noted the initial statement was not sworn and Pokhan corrected it several weeks later in her examination under oath. After being advised by the court that Longobardi established that neither an insured's intent in making a misstatement nor whether that misstatement was under oath was relevant to the inquiry, Pokhan's counsel responded, "Yeah, but still, that's an issue about materiality."

The court proceeded to discuss materiality, quoting the Longobardi Court's agreement with the Second Circuit's statement that "the materiality requirement is satisfied if the false statement concerns a subject relevant and germane to the insurer's investigation as it was then proceeding." Longobardi, 121 N.J. at 541 (quoting Fine v. Bellefonte Underwriters Ins. Co., 725 F.2d 179, 183 (2d Cir. 1984)). Applying the law to the facts, the judge found:

> Now, in this case, obviously checking the application, which is what [the investigator] had, where all prior losses were denied — I understand the Plaintiff's position that she did not provide the false information. And by the way, in the event of appellate review, I'll accept — for purposes of this motion — that

the Plaintiff did not provide the false information on the application.

I know there's a dispute over that. There was information on — the application essentially denied all prior losses. But whether the Plaintiff provided that false information or not — if this alleged [State Farm agent] put it down on her own — it's irrelevant, because that's what the application said.

And [the investigator] was certainly entitled to see if there were material misrepresentations on the application. That's why these questions about the prior loss — particularly, the pipe that broke in February 2013 — was certainly a legitimate concern of [the investigator's]. It wasn't some irrelevant fact that she brought up in order to trap the Plaintiff in a lie. It was certainly part — a legitimate part of her investigation.

And it seems that the Plaintiff's motive for lying doesn't count; that it wasn't in the end prejudicial, doesn't count. The definition of materiality certainly encompasses why [the investigator] would have asked her that question.

Turning to the particular misstatement, the court found:

[Pokhan] acknowledged that she certainly willfully misled [the investigator] because she didn't think it was any of [the investigator's] business, because she thought [the investigator] should only have been asking her questions directly related to the fire and the property claim itself. She did not think that [the investigator] had any business asking her about questions that touched on the accuracy of the application.

A-3336-17T3

But that, under <u>Longobardi</u>, that's not relevant. Her excuse for lying is not relevant. She knew [the investigator] was from State Farm. She knew she was investigating this claim. And she clearly tried to mislead her as to something that seemed to justify what looked like misstatements in the application.

Stating there was "nothing that reasonable minds could possibly differ about" under <u>Rule</u> 4:37-2(b), the court dismissed Pokhan's complaint. This appeal followed.

Although we employ the same standard as the trial court in reviewing a motion decided either under <u>Rule</u> 4:37-2(b) or <u>Rule</u> 4:40-1, <u>Smith v. Millville Rescue Squad</u>, 225 N.J. 373, 397 (2016), "[a] dismissal at the close of a plaintiff's case invokes more searching appellate review than does one at the close of the entire case," <u>Cameco</u>, 157 N.J. at 509. As the Supreme Court has explained:

When reviewing a dismissal at the close of a plaintiff's case, the appellate court accepts the truth of the plaintiff's evidence together with the legitimate inferences that the evidence supports. <u>R.</u> 4:37-2(b); <u>Dolson v. Anastasia</u>, 55 N.J. 2, 5-6 (1969). By comparison, when reviewing factual findings made at the close of the entire case, the appellate court accepts those findings whether they support a decision in favor of the plaintiff or the defendant, if the findings are supported by substantial credible evidence. <u>R.</u> 2:10-1; <u>Rova Farms Resort, Inc. v. Investors Ins. Co. of Am.</u>, 65 N.J. 474, 483-84 (1974); Pressler, <u>Current N.J. Court Rules</u>, cmt. 2.3 on <u>R.</u> 2:10-1 (1998). Thus, a

8

dismissal under Rule 4:37-2(b) requires a more generous view of a plaintiff's evidence than does one at the close of evidence under Rule 2:10-1.

[Cameco, 157 N.J. at 509-10.]

That distinction is critical here. Pokhan brought a complaint against State Farm for breach of her insurance contract. Thus in order to establish a prima facie showing sufficient to survive involuntary dismissal at the close of her case, plaintiff needed to show she suffered a covered loss under the policy, which the carrier refused to pay. S.T. Hudson Eng'rs, Inc. v. Pa. Nat'l Mut. Cas. Co., 388 N.J. Super. 592, 603 (App. Div. 2006). As State Farm did not dispute the validity of the policy or that the fire is a covered loss, Pokhan plainly established her prima facie case.

State Farm defended the case based on its claim that Pokhan's misrepresentations during its post-loss investigation barred her from any recovery, an affirmative defense on which it bore the burden of proof at trial. See Land, 186 N.J. at 177-78. Under Longobardi, State Farm had to prove Pokhan "willfully misrepresented material facts after a loss." 121 N.J. at 540. We agree with the trial court judge that Pokhan's admissions at trial satisfied State Farm's burden to prove her misstatements were willful. The question on

this record, and the one plaintiff's evidence did not answer, is the materiality of those statements.

The Court in <u>Longobardi</u> held "[a]n insured's misstatement is material if when made a reasonable insurer would have considered the misrepresented fact relevant to its concerns and important in determining its course of action." 121 N.J. at 542. There was absolutely no evidence in this record that would permit a fact-finder to judge the materiality of Pokhan's misstatements to State Farm under that test. The judge's speculation about the materiality of the questions based on the application Pokhan submitted to State Farm was only speculation.

Pokhan's State Farm insurance application was not introduced or admitted in evidence[4] and the limited reading in of the investigator's deposition testimony did not address how Pokhan's statements were relevant to State Farm's concerns or important in determining its course of action. Accordingly, regardless of whether the information in an application not introduced at trial came from plaintiff or someone else, there was no factual basis for the judge to find that Pokhan "clearly tried to mislead [the investigator] as to something that seemed to justify what looked like misstatements in the application." Without the original insurance application or testimony from anyone at State Farm as to the

_____

[4] The application in the record was the one to Pokhan's prior insurer.

nature of the investigation, the trial court clearly erred when it involuntary dismissed Pokhan's suit based on her willful misrepresentation of material facts following her fire loss.  See R. 4:37-2(b); Longobardi, 121 N.J. at 540-42.

Although our conclusion as to the absence of anything in Pokhan's evidence to establish the materiality of her admittedly willful misstatements to State Farm is dispositive of the appeal,[5] we agree with plaintiff that a fact-finder could also consider whether Pokhan corrected her misstatements promptly in her examination under oath in considering their materiality.  See Mariani v. Bender, 85 N.J. Super. 490, 501 (App. Div. 1964) (holding "[e]ven though an insured may have given his insurance carrier an untrue statement of the accident, no breach of the cooperation clause results if the untrue statement is promptly and seasonably corrected").  We, of course, express no opinion on the merits of such a claim, or whether the evidence admitted at a retrial will be sufficient to permit Pokhan to survive a motion for judgment at the conclusion of all the evidence. We decide only that involuntary dismissal of plaintiff's complaint at the conclusion on her case pursuant to Rule 4:37-2(b) on this record was error.

---

[5]  State Farm's alternative bases to support its judgment all rely on the materiality of Pokhan's misstatements and thus are equally unavailing on this record.

Reversed and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION